# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

PATRICIA BONAFEDE,          )
                                  ) **Case No.:**
    Plaintiff,           )
                                  )
   v.                  )
                                  ) **COMPLAINT AND DEMAND**
**SYNCHRONY BANK F/K/A**    ) **FOR JURY TRIAL**
**CAPITAL RETAIL BANK,**    )
                                  )
    Defendant.           )
                                  )
_____ )

## COMPLAINT

PATRICIA BONAFEDE ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SYNCHRONY BANK F/K/A CAPITAL RETAIL BANK ("Defendant").

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendants conduct business in the State of Florida and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Eustis, Florida 32726.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant Synchrony Bank is a corporation that has its mailing address located at 170 Election Rd., Ste. 125, Draper, UT 84020.

8. Defendants are each a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone as a cellular telephone.

12. Defendant began placing repeated harassing telephone calls to Plaintiff's cellular telephone regarding an alleged account balance owed by Plaintiff.

13. When contacting Plaintiff, Defendant's used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew that Defendant was calling her using an automated

telephone dialing system as she was routinely greeted by a pause or delay with no caller on the line prior to connecting to one of Defendant's agents.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Frustrated by Defendant's relentless calls each day, Plaintiff spoke with Defendant soon after the calls began and revoked any consent that may have been previously given to Defendant to call her cellular telephone.

17. Once Defendant was informed that their calls were unwanted and to stop calling, all further calls served no lawful purpose and could only have been placed to harass Plaintiff.

18. Rather than restricting its calls to Plaintiff's cellular telephone, Defendant proceeded to ignore Plaintiff's revocation and persisted in calling Plaintiff.

19. Once Defendant knew its calls were unwanted any further calls served no lawful purpose and could only have been placed to harass Plaintiff.

20. Upon information and belief, Defendants conduct business in a manner which violates the Telephone Consumer Protection Act.

**COUNT I**
**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

3

22. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

23. Defendant's calls to Plaintiff were not made for "emergency purposes."

24. Defendant's calls to Plaintiff after she revoked consent were not made with Plaintiff's prior express consent.

25. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, PATRICIA BONAFEDE, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

  b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

  c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

  d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

  e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, PATRICIA BONAFEDE, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

DATED: 7/24/19

By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com